PARKER, Judge.
Ross Dress for Less, Inc. (Ross) appeals the final judgment awarding damages to Irene Radcliff for injuries suffered when a glass shelf fell while she was shopping at Ross. We reverse because the trial court erred in permitting Radcliff to admit a medical report containing inadmissible hearsay opinions into evidence.
At trial, Dr. Mayhew, an orthopedic surgeon who treated Radcliff, testified for Radcliff regarding the cause and extent of her injuries. Throughout Dr. Mayhew’s testimony, the trial court properly sustained objections to any references he *127 made regarding hearsay information from other doctors which he relied upon in forming his opinion. However, the trial court subsequently allowed Radcliff to introduce a report containing that hearsay information into evidence.
We agree with Ross that the trial court erred in admitting Dr. Mayhew’s medical report because it was a conduit for inadmissible hearsay. Several passages in the report quote the findings of other physicians, which would be hearsay if they were offered for their truth. See Bunyak v. Clyde J. Yancey & Sons Dairy, Inc., 438 So.2d 891, 893 (Fla. 2d DCA 1983) (holding that expert witnesses are prohibited from relating opinions given to them by other experts); Erwin v. Todd, 699 So.2d 275, 277-78 (Fla. 5th DCA 1997). Specifically, the report noted:
The MRI showed a tear involving the posterior horn of the medical meniscus that communicated with the superior articular surface adjacent to the meniseal capsular junction.... The tear was not described as being degenerative.
[[Image here]]
Dr. Yamokoski felt that the changes could be degenerative rather than post traumatic.
[[Image here]]
I agree with the radiologist’s interpretation of the plain films and MRI of the left knee.
[[Image here]]
The meniseal tear is not described as degenerative on the MRI report and would be associated with others of degenerative change if it was simply a previous degenerative change.
[[Image here]]
[Radcliff] has an MRI read by Dr. Hanna that is not describing any degenerative changes in the knee.
The admission of these opinions was error.
Furthermore, the error cannot be considered harmless because it addressed the determinative issue at trial, which was whether the injury to Radcliffs knee was degenerative or a result of the accident. When weighed against the testimony of Ross’s two experts, who both testified that the injury was degenerative, we conclude that the additional opinions in the report must have contributed to the verdict. Similarly, Ross correctly argues that Dr. Mayhew’s report improperly bolstered his testimony.
Ross also argues that the trial court improperly refused to admit the medical report of the independent medical examiner (IME) into evidence. Because we are compelled to reverse this case, we note that the trial court was incorrect in its belief that an IME’s medical records are inadmissible as untrustworthy per se. See, e.g., Love v. Garcia, 634 So.2d 158, 160 (Fla.1994) (rejecting the State’s argument that the only basis for the trustworthiness of medical records relates to whether the records were used in the course of treatment); Heckford v. Florida Dep’t of Corrections, 699 So.2d 247, 251 (Fla. 1st DCA 1997) (holding that an IME’s report was properly admitted in absence of proof that it was not trustworthy), review denied, 707 So.2d 1124 (Fla.1998). However, we find that the trial court did not abuse its discretion in refusing to admit the report based on its belief that the report was untrustworthy because it was made in preparation for litigation.
Reversed and remanded.
CAMPBELL, A.C.J., and CASANUEVA, J., Concur.